18268—Marie DeGroodt, Exrx., v. Rade Skrbina, Admr.; error to Mahoning Appeals. Judgment affirmed. Jones, Matthias, Day and Allen, JJ., concur.

18277—Joseph F. Knott et al v. Moore, Lamb Construction Co.; error to Mahoning Appeals. Judgment reversed. Marshall, C. J., Robinson, Matthias, Day and Allen. JJ., concur.

18318—Ralph Hecker, Inspector, v. The State ex rel City of Cleveland; error to Cuyahoga Appeals. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18484—George H. Phelps, on behalf of the City of Findlay, Ohio, v. The Ohio Bell Telephone Co. et al; error to Hancock Appeals. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18454—Tax Commission of Ohio et al v. National Malleable Castings Co.; error to Cuyahoga Appeals. Judgment reversed. Robinson. Jones, Matthias, Day and Allen, JJ., concur.

18543—State ex rel C. C. Crabbe, Atty Genl., v. Municipal Savings & Loan Co. et al; error to Cuyahoga Appeals. Judgment reversed. Marshall, C. J., Robinson, Matthias and Allen, JJ., concur. Jones and Day, JJ., dissent.

### MOTION DOCKET

18496—Clara L. Ream, Admx., v. State ex rel Alfred Ream. Motion to order Putnam Appeals to certify record. Overruled.

18514—State ex rel Harry Porter, a taxpayer, v. J. L. Clark et al. Motion to order Sandusky Appeals to certify record. Sustained.

18518—E. E. Drew v. Edward J. Gross. Motion to order Seneca Appeals to certify record. Sustained.

18519—City of Struthers et al v. Fred Tod. Motion to order Mahoning Appeals to certify record. Overruled.

18523—Lee Wertheimer et al v. Adolph Neurad et al. Motion to order Hamilton Appeals to certify record. Overruled.

18524—Lee Wertheimer et al v. Matthias Lost. Motion to order Hamilton Appeals to certify record. Overruled.

18531—A. B. Mannix v. Maud Shoff Hewitt et al. Motion to order Trumbull Appeals to certify record.

18535—E. H. Stewart v. Steve Kalulich et al. Motion to order Trumbull Appeals to certify record. Overruled.

18537—Elmer J. Johnson et al v. Aaron H. Zimmerman. Motion to order Vinton Appeals to certify record. Overruled.

18538—Bank of Knoble v. G. A. Persons et al. Motion to order Lorain Appeals to certify record. Overruled.

18555—Edward Walters v. The B. & O. S. W. Ry. Co. Motion to order Vinton Appeals to certify record. Sustained.

18557—The State ex rel Michael Behm, a taxpayer, v. Edith Wolfert et al. Motion to order Lucas Appeals to certify record. Overruled.

18557—The State ex rel Michael Behm, a taxpayer, v. Edith Wolfert et al. Motion by defendant to dismiss petition in error as of right sustained.

18559—George Isaac v. H. C. Miller, Auditor, et al. Motion to order Williams Appeals to certify record. Overruled.

18578—Joseph J. Dues et al v. Rudolph Esser. Motion to order Auglaize Appeals to certify record. Overruled.

18580—Valentine Full et al v. Christine Dent. Motion to order Hamilton Appeals to certify record. Overruled.

## Supreme Court Current Opinions

### No. 418

No. 18268—Marie DeGroodt, Executrix, v. Rad Skrbina, Admr., etc Error to the Court of Appeals of Mahoning County.

829. NEGLIGENCE—Contractor leaving an unsecured wagon in street, he was improving, liable for injury to child playing therewith.

480. EVIDENCE. Money offered by a defendant to a witness, competent evidence in chief, for plaintiff.

JONES, J.

1. For the purpose of preventing travel upon a newly constructed pavement, a contractor erected a barricade on the street, consisting in part of a two horse dump wagon which was permitted to be unsecured in a vicinity where children were accustomed to play therewith. This, together with the danger that might result to the children therefrom, was brought to the knowledge of such contractor. A child under six years of age was injured by the dump wagon so placed; and if, under the circumstances, reasonable care was not exercised by the contractor in leaving the dump wagon in a secure condition, thereby causing the death of such child, the contractor becomes liable.

2. An offer of money made by a defendant to a witness for the purpose of influencing her attitude as such, is competent testimony against the defendant, and may be introduced by the plaintiff as a part of his case.

Judgment affirmed.

Matthias, Day and Allen, JJ., concur.